THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. GEORGE DOYLE AND MONA DOYLE, DEFENDANTS-
APPELLANTS.

Argued May 21, 1963—Decided June 4, 1963.

*Mr. Frank G. Schlosser* argued the cause for defendants-appellants (*Mr. Maurice M. Krivit,* attorney).

*Mr. Frank J. Cuccio,* First Assistant Prosecutor of Bergen County argued the cause for plaintiff-respondent (*Mr. Guy W. Calissi,* Prosecutor of Bergen County, attorney).

The opinion of the court was delivered

PER CURIAM. Defendants, Dr. George Doyle and his wife, Mona Doyle, were convicted of committing a criminal abortion contrary to *N. J. S.* 2A:87–1. The Appellate Division affirmed. *State v. Doyle,* 77 *N. J. Super.* 328 (*App. Div.* 1962). Since a constitutional question is involved, appeal was taken to this court as of right. *R. R.* 1:2–1(a).

On December 2, 1960 defendant Dr. George Doyle resided in Rutherford, New Jersey. Shortly after midnight Mrs. Pauline Fealey and Mrs. Rosemarie Intrieri left the doctor's home and drove away in Mrs. Fealey's car, with Mrs. Intrieri driving. After proceeding a short distance they were stopped by police officers who had had the Doyle home under surveillance. Following a conversation between the women and the officers, Mrs. Fealey was taken to Hackensack where she was examined by the county physician. The examination disclosed she had been aborted within the previous few hours. Meanwhile, Mrs. Intrieri was escorted back to Dr. Doyle's home where, at the request of the officers, she rang the doorbell and thus enabled them to gain admittance.

The record before us indicates that Dr. Doyle was arrested by the officers immediately upon their entrance into the house. That action was followed by a search of the premises and seizure of the articles referred to in the Appellate Division opinion. 77 *N. J. Super.*, at *p.* 340. (Just when in the sequence of events Mrs. Doyle was arrested is not clear. We make no ultimate finding at this time as to the order of the arrests or the search and seizure.) The officers had a search warrant with them which they exhibited. It had been issued on November 29, 1960 and authorized a search of the Doyle home "in the daytime or in the evening at any time prior to midnight." Although the exact time of the search is in dispute, the State concedes that it was made after midnight. The late execution of the warrant is presented as a ground of appeal. The question is reserved for the present. It is argued also that the affidavit supplied to the County Court as the basis for the issuance of the warrant was inadequate under our recent decision in *State v. Macri,* 39 *N. J.* 250 (1963). For reasons to be given hereafter, that issue likewise is reserved.

After defendants' arrest and the search and seizure of the articles, they were indicted for criminal abortion. Trial of the case began on June 6, 1961 and was concluded 23 days thereafter, on June 29, 1961. On June 19, 1961 the United States Supreme Court decided *Mapp v. Ohio,* 367 *U. S.* 643, 81 *S. Ct.* 1684, 6 *L. Ed.* 2d 1081 (1961), which held that the rule which excludes in federal criminal trials evidence obtained by means of illegal search and seizure is binding on state courts as well in such cases. The following afternoon, June 20, 1961, when the assistant prosecutor began interrogating Dr. Doyle respecting service of the search warrant, defendants' counsel stipulated that the search and seizure were lawful and not being questioned. The assistant prosecutor then said: "Therefore, I will not pursue it any further." Although the trial continued for 9 days thereafter, during which time the press of the nation devoted much space and comment to *Mapp,* defense counsel made no effort to withdraw from his stipulation or to seek any relief under the new search and seizure doctrine.

At no time from June 29, the date of conviction, to September 15, 1961, the date of sentence, was an application made to the trial court for a new trial because of the impact of *Mapp*. When the appeal was taken to the Appellate Division, however, a reversal was sought on the ground that the articles seized and introduced in evidence violated the Fourth and Fourteenth Amendments of the Federal Constitution within the meaning of *Mapp*. In that connection, however, the affidavit of the Bergen County detective on the basis of which the search warrant was issued was not included in defendants' appendix, nor was any specific attack made in the brief on the sufficiency of the allegations of probable cause appearing therein. The affidavit was added to the supplemental appendix filed in this court, and for the first time defendants argued that its factual allegations were inadequate to establish probable cause for the issuance of a search warrant.

The Appellate Division concluded it was unnecessary to decide the question because in its view, even if the articles admitted in evidence were obtained by an illegal search and seizure, on the whole record of the trial they were not sufficiently prejudicial to constitute reversible error. Our review of the evidence satisfies us that the articles, particularly the drugs and the contents of the garbage pail, if not evidential, were substantially detrimental to the defense and carried such inculpatory inferences in the light of the other proof in the case as to necessitate a finding of prejudice, if there was error. It follows, therefore, that consideration must be given to the claim of illegal search and seizure.

It is obvious that the legality of the search cannot be decided on the present record. An attempt to do so could be wholly unfair to the State. Even though the search and seizure were made prior to the *Mapp* decision, and therefore at a time when the evidence seized would have been admissible in the courts of our State, we have allowed defendants in situations similar to the present one to take advantage of the principle there announced. See, *State v. Valentin*, 36 *N. J.* 41 (1961); *State v. Scrotsky*, 38 *N. J.* 14 (1962); s. c. 39

N. J. 410 (1963). But in those instances, where it appeared that, in reliance on the pre-existing rule, the State had not developed fully the facts and circumstances attending the search and seizure, we remanded the matter for the taking of any relevant additional evidence the State might care to offer on the subject, and for a finding by the trial judge as to the legality of the police action.

In the present case the need for such remand is manifest. Defense counsel stipulated the validity of the search and seizure and thus prevented the State from offering the proof it had available to combat the contrary claim now raised on appeal. Nevertheless, defendants insist a decision should be rendered on the obviously inadequate record furnished to us. The demand merits only summary rejection. Reference to but one incident occurring at the trial (apart from the stipulation) will serve to illustrate the unfairness of their position.

As has been indicated above, the police officers stopped the Fealey-Intrieri car very shortly after the women had left Dr. Doyle's house. At the trial the State endeavored to introduce the conversation which took place at that time between the officers and Mrs. Fealey and Mrs. Intrieri. Defendants' claim of hearsay was sustained. But if when this evidence was offered, the validity of the search and seizure at the Doyle house was then in question, the conversation would have been admissible (although necessarily it would have to be given out of the presence of the jury). We were advised at the oral argument that the officers were told by Mrs. Fealey, or by both women, that Dr. Doyle had just aborted Mrs. Fealey; a high misdemeanor, if true. N. J. S. 2A:87–1. On receipt of this information, the officers apparently proceeded directly to the Doyle house, arrested him and made the search and seizure in question. It is a commonplace of the law that a search which is incident to a lawful arrest is valid, irrespective of the existence of a search warrant, or of the fact that the search warrant is defective. See *Abel v. U. S.*, 362 *U. S.* 217, 236–237, 80 *S. Ct.* 683, 4 *L. Ed. 2d* 668, 684–685 (1960); *State v. Smith*, 37 *N. J.*

481, 492–494 (1962). Nor is it of significant consequence that such a search (the legally permissible limits of which need not be dealt with at this time) is incident to an arrest without a warrant—where an arrest warrant is not necessary, a question which we reserve pending development of the full facts.

█ Under the circumstances, the matter is remanded to the County Court for the following purposes:

1. To permit the State to introduce all relevant testimony. relating to (a) the arrest of Dr. and Mrs. Doyle (including the conversation immediately preceding the arrests between the officers and Mrs. Fealey and Mrs. Intrieri) ; (b) the question whether the search and seizure of the challenged articles were incidental to the arrest and took place after the arrest, or whether the search and seizure preceded the arrest. Defendants also may offer any pertinent testimony on the subject.

2. To enable the trial court to make a finding on all the evidence as to (a) whether the arrests were valid; (b) whether either or both of the arrests were made first and the search and seizure made thereafter as an incident thereof; or (c) whether the search and seizure preceded either or both of the arrests.

3. To permit defendants to present any available, relevant testimony to explain (a) the failure to object to the search and seizure during the 9 days of the trial which followed the *Mapp* decision; (b) the failure to apply to the trial court for a new trial on the basis of *Mapp* between the date of conviction and date of sentence, or before filing of the notice of appeal; (c) the failure to make a specific attack in the Appellate Division on the factual sufficiency of the affidavit on which the search warrant was based. This third aspect of the remand does not require any finding by the trial court. Any testimony offered shall be returned to us.

Pending return of all additional evidence and the finding of the trial court, we shall retain the appeal.

Remanded.

*For remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.