81 N.J. Super. 422 (1963)
195 A.2d 897
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL CALABRO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1963.
Decided December 17, 1963.
*423 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Max Mehler argued the cause for appellant (Mr. Samuel Voltaggio, attorney).
*424 Mr. Peter Murray, Assistant County Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, County Prosecutor of Essex County, attorney).
The opinion of the court was delivered by FREUND, J.A.D.
Defendant appeals from his conviction of bookmaking on the results of baseball and football games, in violation of N.J.S. 2A:112-3. The State's case rested mainly upon evidence gained from a search of a Newark apartment pursuant to a warrant issued by a magistrate. This evidence tended to show not only that bookmaking operations had been conducted on the premises, but also that defendant had been present immediately prior to the time when the police entered the apartment.
On this appeal defendant contends, inter alia, that this evidence was obtained as a result of an unlawful search and seizure because the affidavit given by the Newark police alleging probable cause to believe bookmaking activities were being conducted on the premises in question, the basis upon which the issuance of the search warrant rested, was in fact insufficient to constitute probable cause. We find, and the State in effect concedes, that this is so. The affidavit was in a form which has been held to be defective for failing to state the underlying facts and circumstances which gave rise to the suspicion and belief held by the officers who obtained the issuance of the warrant. See State v. Macri, 39 N.J. 250, 260-263 (1963).
Defendant was tried in the Essex County Court on September 27-29, 1961. Defense counsel made no attempt to have the incriminating evidence suppressed nor did he at any time argue to the trial court that the search which turned up that evidence had been made without probable cause. Although the trial took place more than a year before the adoption and effective date of our rules of court concerning search warrants and motions to suppress evidence allegedly obtained by illegal search and seizure, see R.R. 3:2A, it followed the decision of the United States Supreme Court in Mapp v. *425 Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), by more than three months.
In Mapp the United States Supreme Court held that evidence obtained by a search and seizure which violated the rights protected by the Fourth Amendment to the Federal Constitution is, by virtue of the Fourteenth Amendment, inadmissible in a state court. In the Mapp case itself, however, the incriminating evidence had been seized not only without a search warrant, but also under circumstances which indicated a flagrant disregard for the defendant's rights. See Mapp v. Ohio, supra, 367 U.S., at pp. 644-645, 81 S.Ct., at pp. 1686-1687, 6 L.Ed.2d 1081; see also State v. Smith, 37 N.J. 481, 490-492 (1962). In the present case a magistrate had issued a search warrant pursuant to an affidavit by police which alleged "just and reasonable cause to suspect and believe" gambling activities were being carried on in the premises to be searched. The particular type of affidavit used was not held to be insufficient by our Supreme Court until February 1963, in State v. Macri, supra, more than a year after the conclusion of this trial. Nor were there circumstances here which indicated flagrant or abusive actions by the Newark police who conducted this raid.
The State contends that defendant's failure to make timely objection to the admission of the evidence in question precludes his raising the argument of unlawful search and seizure for the first time on this appeal. It is argued that the period of three months which had elapsed between the handing down of the Mapp decision and this trial was more than adequate to give notice to defendant of his rights regarding the suppression of that evidence. Defendant asserts that at the time of the trial the full implications of the Mapp case were not yet fully understood by the bar.
In State v. Doyle, 40 N.J. 320 (1963), our Supreme Court was presented with a case where the defendant failed to raise the question of unlawful search and seizure, also made pursuant to a search warrant, not only at the trial level but on the subsequent appeal to the Appellate Division as well. The *426 point was raised for the first time on argument before the Supreme Court. There the trial had commenced before the announced decision of Mapp but ran nine days beyond that date. The Doyle case was remanded for the taking of testimony as to why the defendant had failed to raise the issue of illegal search and seizure at both the trial and Appellate Division levels, and as to whether the search and seizure could be validated on the grounds of having been made incident to a lawful arrest.
At oral argument we interrogated trial counsel for defendant. He stated that he had not known of the existence of the Mapp decision at the time of the trial, that shortly thereafter his attention was called to an article discussing the case, but even then he did not appreciate that Mapp applied to cases where a search warrant had been issued. Defendant contends that at the time of the trial it was common for prosecutors to assert that Mapp applied only to cases of "brutish, flagrant or rude actions." This is borne out by the Macri case itself, where the State raised that exact contention and for the first time our Supreme Court specifically rejected that argument. See State v. Macri, supra, 39 N.J., at pp. 264-266. Even at that late date (February 1963) Chief Justice Weintraub, in a concurring opinion, stated that he was "unsure of the reach of Mapp." State v. Macri, supra, 39 N.J., at p. 266.
We do not condone the failure of counsel to raise, prior to or at the trial, the issue of unlawful search and seizure three months after the decision in Mapp. But in view of the substantial constitutional rights of which defendant may have been deprived and of the distinctions between the facts in Mapp and the present case, we conclude that defendant should not be prejudiced by his counsel's misapprehension concerning the scope of the Mapp decision and should be allowed to raise the issue on the present appeal.
As already noted, the affidavit in the present case is not sufficient to support the warrant issued; that warrant alone cannot therefore validate the search made. See State v. Macri, supra, 39 N.J., at pp. 260-263. The State relied on *427 it, however, because it was not challenged at trial. Since the State thus had no opportunity to offer evidence that the search was lawful on the ground that circumstances existed which would render the search valid even in the absence of a warrant, it should be afforded that chance before a final disposition of this case is made. See State v. Doyle, supra, 40 N.J., at p. 324. The fact that the officers may have had additional information which was not transmitted to the judge who issued the search warrant cannot, however, serve to validate a warrant issued on the basis of an affidavit defective on its face. See State v. Macri, supra, 39 N.J., at p. 262.
In cases where police officers do not have a search warrant, any evidence seized by the police must, in order to be admissible at a trial, be the product of a search incidental to a lawful arrest. State v. Taylor, Lee and Moore, 81 N.J. Super. 296 (App. Div. 1963); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, 739 (1963). If the arresting officers possess knowledge of facts and circumstances which, in and of itself, is sufficient to cause a man of reasonable caution to believe that a crime has been or is being committed, an arrest even without a warrant will be lawful and support the incidental search. See State v. Taylor, Lee and Moore, supra; Ker v. California, supra, 374 U.S. 23, 83 S.Ct., at pp. 1630-1632, 10 L.Ed.2d, at pp. 739-740; Brinegar v. United States, 338 U.S. 160, 175-176, 69 S.Ct. 1302, 93 L.Ed. 1879, 1890 (1946). Thus, if the police had probable cause to make an arrest prior to the entry into the apartment being occupied by defendant, and the officers entered with the intent to make an arrest, a search incidental to an actual arrest, even without a warrant, would be lawful. See Ker v. California, supra, 374 U.S. 23, 83 S.Ct., at pp. 1634, 1636, 10 L.Ed.2d, at p. 743, but cf. p. 746. We do not decide at the present time, the point not having been argued, whether under the circumstances of this case, where the evidence indicates that defendant jumped from the apartment window and successfully eluded the police, the search of the apartment in question can be regarded as constituting a search incidental *428 to a lawful arrest. The trial court will decide this question if it arises on the remand.
The cause is remanded to the Essex County Court for a comprehensive hearing. The trial judge is instructed to take testimony from the officers who obtained the search warrant as to the information in their possession concerning the alleged gambling activities being carried on in the apartment in question prior to their entry. If the proofs are that such information, although not detailed in the affidavits, was given under oath to the magistrate at the time the warrant was issued, and the testimony of the magistrate corroborates that this is so, the search warrant may thereby be rehabilitated. If the warrant is not thus rehabilitated the court will determine from the evidence whether the search and seizure is nevertheless valid, as a search on probable cause incidental to an arrest. The hearing should be completed, appropriate findings of fact and conclusions of law made by the trial judge, and the transcript of the hearing with the findings sent to this court within 60 days from the filing of this opinion. The prosecutor is charged with primary responsibility to meet this time-table, and should give precedence to this matter if necessary. He should also apply for a new argument date after completion of the proofs on remand. We retain jurisdiction of the appeal pending execution of the foregoing directions. The other grounds of appeal raised by defendant will be dealt with in the final disposition of the appeal by this court.
So ordered.